JUDGMENT: Affirmed
Defendant-appellant Emily T. Norris appeals her conviction and sentence entered by the Licking County Municipal Court on one count of operating a motor vehicle after underage consumption, in violation of R.C. 4511.19(B)(2). Plaintiff-appellee is the Village of Granville.
 STATEMENT OF THE CASE AND FACTS
At approximately 12:30 a.m. on October 17, 1998, Officer Sean Eitel of the Granville Police Department observed a vehicle traveling at an excessive rate of speed. Officer Eitel activated his radar unit, which clocked the vehicle at forty-seven miles per hour, twelve miles per hour over the posted speed limit. Thereafter, the officer initiated a routine traffic stop of the vehicle. Appellant was identified as the driver. Officer Eitel subsequently arrested appellant, who was eighteen years old at the time, for operating a motor vehicle after underage consumption, in violation of R.C. 4511.19(B)(2). At her arraignment on November 18, 1998, appellant entered a plea of not guilty to the charge. On November 20, 1998, appellant filed a Motion to Suppress/in Limine, which was predicated on two grounds. First, appellant asserted the Village failed to comply with the procedures and regulations set forth by the Ohio Department of Health in calibrating the BAC Datamaster machine used to test her. Additionally, appellant challenged the scientific reliability of the breath test, in general, arguing the breath testing process does not comply with the criteria set forth by the United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993), 509 U.S. 579,113 S.Ct. 2786, 125 L.Ed.2d 469, and adopted by the Ohio Supreme Court in Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607. The trial court conducted a hearing on the motion on February 3, 1999. At the hearing, Granville Police Officer Susanna C. Dawson testified she is a senior operator of the BAC Datamaster machine and calibrated the Granville Police Department machine on October 18, 1998, subsequent to appellant's test. Officer Dawson's testimony revealed the calibration check was done in accordance with the Ohio Department of Health Regulations. Granville Police Officer David S. Baer testified he is a senior operator of the BAC Datamaster machine and was on duty on October 11, 1998. As part of his duties that day, he conducted an instrument check on the Granville Police Department's machine. Officer Baer explained he performed the instrument check in accordance with the check list prescribed on the BAC instrument check form. With regard to the calibration solution used during the instrument check, the officer stated he obtained a bottle of solution from the department refrigerator. Officer Baer further testified he had used this particular bottle of calibration solution when he performed the October 4, 1998 instrument check. Prior to his testimony in the instant action, Officer Baer testified in the case of State v. Henry Baker, Licking County Municipal Court Case No. 98-TRC-13721. During his testimony in the Baker case, Baer stated he obtained the bottle of calibration solution used in conducting the October 11, 1998 instrument check from the Ohio State Highway Patrol on October 11, 1998. During his direct examination in the instant action, the officer stated his testimony in the Baker case was inaccurate and he had actually obtained the bottle of calibration solution used to perform the instrument checks on October 4, 1998, and October 11, 1998, from the Heath Police Department on October 4, 1998. Officer Baer explained, in September, 1998, the Granville Police Department had depleted its supply of calibration solution, and, as of October 4, 1998, the supply had not been replenished. As such, on October 4, 1998, Officer Baer contacted the Ohio State Highway Patrol and asked to borrow a bottle of calibration solution. After receiving permission from OSHP, Officer Baer proceeded to the Heath Police Department, where a BAC Datamaster machine belonging to the OSHP is located. Upon his arrival, the dispatcher buzzed the officer in, he walked into the kitchen area and retrieved a bottle of calibration solution out of the refrigerator. During his cross-examination, Officer Baer acknowledged he had no personal knowledge of how the particular bottle of calibration solution he retrieved had been opened or stored at any time prior to October 4, 1998. During his redirect examination, the officer stated with confidence, the bottle of calibration solution had not been opened more than three months prior to October 4, 1998. Officer Baer recalled this information from a notation on the actual bottle. At the commencement of the hearing, Prosecutor Elena Tuhy for the Village stated: [I]n regards to the challenge to the scientific reliability of the calibration or the instrument check solution, I would renew the arguments I've made the last few times in regards to relying on the previous testimony of Dr. Sutheimer from the Ohio Department of Health and I believe the Court still has a copy of that testimony. Thank you.
Transcript of February 3, 1999 Hearing on Motion to Suppress at 5. After hearing all the evidence and taking the matter under consideration, the trial court denied appellant's Motion to Suppress/in Limine via Judgment Entry dated March 12, 1999. Thereafter, on April 22, 1999, appellant entered a plea of no contest to the charge. The trial court sentenced appellant to thirty days in jail. The trial court suspended twenty-seven of those days and placed appellant on probation for a period of one year. It is from this conviction and sentence appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OF DEFENDANT'S BREATH TEST RESULTS. (JUDGMENT ENTRY FILED MARCH 12, 1999, ATTACHED HERETO AS EXHIBIT B).
 A. THE VILLAGE OF GRANVILLE FAILED TO PROVE COMPLIANCE WITH THE OHIO DEPARTMENT OF HEALTH REGULATIONS REGARDING THE CALIBRATION OF THE B.A.C. DATAMASTER MACHINE.
 B. THE VILLAGE OF GRANVILLE FAILED TO ESTABLISH THE SCIENTIFIC RELIABILITY OF THE BREATH TESTING PROCESS.
 STANDARD OF REVIEW
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . .as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 I.A.
In the first prong of her argument, appellant maintains the Village failed to prove compliance with the Ohio Department of Health Regulations relative to the calibration of the BAC Datamaster machine used during appellant's test. Specifically, appellant argues the Village failed to establish the calibration solution was refrigerated "when not being used" at all times "after first use" as required by Ohio Administrative Code section3701-53-04(C). At the hearing, Officers Dawson and Baer testified regarding the instrument checks they conducted on October 4, 1998, October 11, 1998, and October 18, 1998. Relative to the October 11, 1998, and the October 18, 1998 instrument checks, Officers Baer and Dawson testified, respectively, he/she retrieved the calibration solution from the refrigerator at the Granville Police Department. Regarding the October 4, 1998 instrument check, Officer Baer testified the Granville Police Department had depleted its supply of calibration solution in September, 1998, and, on October 4, 1998, he received permission from OSHP to obtain a bottle of calibration solution located at the Heath Police Department. Officer Baer further testified when he arrived at the Heath Police Department on October 4, 1998, the dispatcher buzzed him in, and he proceeded to the kitchen area where he retrieved a bottle of calibration solution from the refrigerator. We find Officer Baer's testimony, when he retrieved the solution from the Heath Police Department on October 4, 1998, it was refrigerated provides sufficient circumstantial evidence from which the trial court could conclude the Heath Police Department properly refrigerated the solution in compliance with the Ohio Department Health Regulations. We further find this evidence coupled with the testimony of Officers Dawson and Baer relative to the refrigeration of the solution at the Granville Police Department from October 4, 1998, after Officer Baer obtained it from the Heath Police Department, through October 18, 1998, establishes the Village proved substantial compliance with the regulations. Accordingly, we find the trial court did not err in overruling appellant's motion to suppress on this issue. Appellant's assignment of error is overruled on this ground.
 I.B.
In her second prong of her argument, appellant argues the Village failed to establish the scientific reliability of the breath testing process. Specifically, appellant argues, "although the scientific reliability of the breath testing procedure was called into question * * * no expert testimony or other scientific evidence was ever presented to support the reliability of the breath testing procedure." Brief of Appellant at 7. Appellant maintains the trial court had an obligation to independently review the reliability of the scientific evidence prior to its admission pursuant to Daubert v. Merrell Dow, supra, and Miller v. Bike Athletic Co., supra. At the commencement of the hearing, the Village informed the trial court it wished to renew the arguments it had made in prior cases with respect to appellant's challenge of the scientific reliability of the instrument check and the calibration solution. We find this statement is tantamount to the Village asking the trial court to take judicial notice of the court's prior determination of the scientific reliability of the instrument check and the calibration solution. The trial court denied appellant's motion to suppress on this issue, finding "the scientific testing of the breath of Defendants (sic) as set out under the Ohio Administrative Code and the Ohio Revised Code and as put in place by the Ohio Department of Health meets the standards promulgated by the Ohio Supreme Court and United States Supreme Court." March 12, 1999 Judgment Entry at 4-5. Implicit in this finding is the trial court's acknowledgment it took judicial notice of its previous determination of the scientific reliability of the breath testing process pursuant to Daubert v. Merrell Dow, supra; and Miller v. Bike Athletic, supra. We hold a court which has received evidence in a case previously before it may take judicial notice of its previous finding in a later case. See, State v. Gazdak (September 30, 1991), Geauga App. No. 90-G-1611, unreported. Because the trial court properly took judicial notice of its previous determination of the scientific reliability of the instrument check and the calibration solution, we find the court did not err in overruling appellant's motion on this issue. Appellant's assignment of error is overruled on this ground.
The conviction and sentence of the Licking County Municipal Court is affirmed.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur